26-cv-1070

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

DASHAWNA LARODE, individually and as Proposed Administrator of the Estate of DASHAWN LARODE,

Plaintiff,

v.

CITY OF NEW YORK; POLICE OFFICER SHARJEEL WARIS (Shield No. 5542), individually and in his official capacity; and JOHN DOE POLICE OFFICERS 1–10,

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress violations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

This action arises from the fatal shooting of Dashawn Larode inside his home on November 17, 2025.

Plaintiff Dashawna Larode, the decedent's sister, was physically present inside the residence and personally witnessed the events and their immediate aftermath.

Plaintiff also suffered independent and severe emotional trauma, psychological injury, and personal deprivation of her own constitutional rights arising from Defendants' conduct.

Plaintiff seeks redress for these injuries.

### JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

This action is authorized by 42 U.S.C. § 1983.

Venue is proper pursuant to 28 U.S.C. § 1391.

RECEIVED
FEB 24 2026
PRO SE OFFICE

REC'D IN PRO SE OFFICE
FEB 25 '26 AM11:10

FACTUAL ALLEGATIONS

On November 17, 2025, Plaintiff was inside her bedroom at her residence.

Plaintiff was abruptly awakened by loud banging.

Plaintiff heard shouted commands.

Plaintiff did not hear police identify themselves prior to forced entry.

The entrance door was forcibly breached.

Plaintiff heard multiple gunshots.

Plaintiff observed flashes and smoke.

Plaintiff observed her brother fall.

Upon information and belief, Defendant Sharjeel Waris discharged his firearm.

Plaintiff personally checked her brother and observed no response.

Plaintiff exited the residence after being instructed by officers.

Plaintiff personally observed numerous armed tactical officers present, including officers positioned near armored vehicles.

Plaintiff personally observed and spoke with individuals who identified themselves as investigative personnel.

Plaintiff pleaded with officers to check on her brother.

Based upon Plaintiff's observations, officers did not immediately respond to her request.

Plaintiff was in a state of extreme emotional distress.

Plaintiff was told she had to accompany officers to the police precinct.

Plaintiff was not given a choice in the matter.

Plaintiff suffered severe emotional trauma.

Plaintiff continues to suffer psychological harm.

CAUSES OF ACTION

FIRST CLAIM – Fourth Amendment

Defendants' conduct constituted a seizure subject to Fourth Amendment scrutiny.

SECOND CLAIM – Fourteenth Amendment

Defendants deprived Plaintiff and Decedent of liberty interests.

THIRD CLAIM – Municipal Liability

Defendant City is responsible under Monell.

FOURTH CLAIM – Plaintiff's Individual Injuries

Plaintiff suffered independent constitutional and personal injuries.

DAMAGES

Plaintiff seeks compensatory damages.

Plaintiff seeks punitive damages.

Plaintiff seeks all relief permitted by law.

***DEMAND FOR JURY TRIAL***

Plaintiff demands trial by jury.

Respectfully submitted,

____________________________

Dashawna Larode
Plaintiff, Pro Se
Date: ________________________

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK
Dashawna Larode, Plaintiff v. City of New York, NYPD, Officers John Does 1-5, Defendants
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)
This action arises from the unlawful and excessive use of deadly force by NYPD officers on November 17, 2025, inside a private residence located at 1046 Thomas S. Boyland Street, Apartment 1F.
FACTS: On November 17, 2025, at approximately 7:43 PM, officers from the 73rd Precinct responded to Plaintiff's residence. There is disputed evidence that Dashawn Larode may have discharged a lawfully possessed shotgun. No officer was struck, and no video footage captured such discharge. Officers fired six rounds into the apartment, killing Dashawn Larode at approximately 7:45 PM.
CLAIMS: Violation of Fourth Amendment – Excessive Force Violation of Fourteenth Amendment – Due Process Municipal Liability – Failure to Train and Supervise
RELIEF: Compensatory damages, punitive damages, costs, and jury trial.
Respectfully submitted, Dashawna Larode 347-420-6812 Dashawnalarode@gmail.com

CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS

FILED
2026 FEB 24 AM 11:00
U.S. DISTRICT COURT